TRINETTE G. KENT (State Bar No. 222020)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Nitzkin & Associates
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*John McIntyre*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| John McIntyre, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation. | **JURY TRIAL DEMAND** |
| Defendant. | |

1

NOW COMES THE PLAINTIFF, JOHN MCINTYRE, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Newbury, Ventura County, California.

4. Venue is proper in the Central District of California, Western Division.

## PARTIES

5. The Defendant to this lawsuit is Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Los Angeles County, California.

## GENERAL ALLEGATIONS

6. On or about February 4, 2015, Plaintiff obtained his Experian credit file and noticed inaccuracies on the following trade lines ("Errant Trade Lines"):

   a. Cach, LLC, Account Number: 12001661XXXX;
   b. Chase, Account Number: 42669020XXXX;
   c. Chase, Account Number: 42669020XXXX;
   d. Chase, Account Number: 41855060XXXX;
   e. Chase, Account Number: 41858276XXXX;
   f. HSBC, Account Number: 545800457698XXXX;
   g. Midland Funding, Account Number: 854683XXXX;
   h. Midland Funding, Account Number: 854684XXXX; and
   i. Wells Fargo, Account Number: 6516510550376XXXX.

7. On or about March 18, 2015, Mr. McIntyre submitted a letter to Experian, disputing the Errant Trade Lines.

8. On or about May 8, 2015, Mr. McIntyre received a letter from Experian, stating that it received a suspicious request and determined that it was not sent by Mr. McIntyre. Experian stated that it would not be initiating any disputes based on the suspicious correspondence and that it would apply this same policy to any future suspicious requests that it received.

9. Experian refused to investigate Mr. McIntyre's dispute, in violation of the Fair Credit Reporting Act.

# COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

10. Plaintiff realleges the above paragraphs as if recited verbatim.

11. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. McIntyre as that term is defined in 15 USC 1681a.

12. Such reports contained information about Mr. McIntyre that was false, misleading, and inaccurate.

13. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. McIntyre, in violation of 15 USC 1681e(b).

14. After receiving Mr. McIntyre's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

15. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. McIntyre has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

16. Experian is liable to Mr. McIntyre by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

4

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. McIntyre as that term is defined in 15 USC 1681a.

19. Such reports contained information about Mr. McIntyre that was false, misleading, and inaccurate.

20. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. McIntyre, in violation of 15 USC 1681e(b).

21. After receiving Mr. McIntyre's consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

22. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. McIntyre has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

23. Experian is liable to Mr. McIntyre by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: June 23, 2016

                        KENT LAW OFFICES

                        By:   */s/  Trinette G. Kent*
                              Trinette G. Kent
                              Attorneys for Plaintiff,
                              John McIntyre